# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO. 6:24-cr-189-PGB-EJK**

**MEIR ROSENBURG**

_____/

## ORDER

On May 2, 2024, Defendant Meir Rosenberg was charged by criminal complaint with transporting child pornography in foreign commerce, in violation of 18 U.S.C. § 2252A(a)(1). (Doc. 1.) He was arrested on that same date, but the United States requested a continuance of the detention hearing. (Doc. 10.) Five days later, on May 7, 2024, a detention hearing was held before Judge David A. Baker, who ordered that Mr. Rosenberg be detained pending further proceedings. (Doc. 15.) A grand jury subsequently returned a superseding indictment charging Mr. Rosenberg with transporting child pornography and possessing child pornography. (Doc. 26.) He now seeks reconsideration of Judge Baker's detention decision. (Doc. 42.) The United States opposes the motion. (Doc. 45.)

According to 18 U.S.C. § 3142(f):

The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was *not known to the movant at the time of the hearing* and that has a *material bearing* on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

(emphasis added). "[T]he reopening provision is, in effect, a codification of a court's inherent reconsideration authority tempered by the understanding that, to promote finality, preserve judicial resources, and discourage piecemeal presentations, a court should not reconsider a decision based on information that could have been presented the first time around." *United States v. Pon*, No. 3:14-CR-75-J-39PDB, 2014 WL 3340584, at *9 (M.D. Fla. May 29, 2014).

In his motion, Mr. Rosenberg emphasizes his ties to the community, potential residence, secure employment, family support, amenability to substance abuse testing and treatment, surrender of his passport, and lack of criminal history. (Doc. 42 at 1–5.) All of this information was known to Mr. Rosenberg at the time of his initial hearing, or it easily could have been verified during the five days between the initial appearance and the detention hearing. Therefore, none of it warrants reconsideration of the detention decision.

The only potentially new information presented is the psychosexual evaluation report by Dr. Eric Imhoff. The undersigned has reviewed the report and does not find it to have a material bearing on the issue of whether there are conditions of release that will reasonably assure Mr. Rosenberg's appearance as required and the safety of any other person and the community. While it is Dr. Imhoff's opinion that Mr. Rosenberg would be a "good candidate for placement in the community and will present a negligible risk," that is a decision that is ultimately left to the Court. Upon consideration of all of the information that Mr. Rosenberg has provided, the undersigned does not see a reason to revisit Judge Baker's decision.

Accordingly, the Motion for Reconsideration (Doc. 42) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2024.

_____

EMBRY J. KIDD

UNITED STATES MAGISTRATE JUDGE