UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No. 6:24-cr-189-PGB-EJK

MEIR ROSENBERG

**UNITED STATES' MOTION FOR**
**PRELIMINARY ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 2253 and Fed. R. Crim. P. 32.2(b)(2), for a preliminary order of forfeiture for an iPhone Max cellular phone seized from the defendant on or about May 1, 2024.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

   A.   **Allegations Against the Defendant**

   1.   In pertinent part, the defendant was charged in a Superseding Indictment with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1) (Count One). Doc. 26.

   2.   The Superseding Indictment also contained forfeiture allegations putting the defendant on notice that, pursuant to 18 U.S.C. § 2253, the United States would seek to forfeit the iPhone identified above. *Id.* at 2-4.

### B. Finding of Guilt and Admissions Related to Forfeiture

3. The defendant pled guilty to Count One of the Superseding Indictment. Doc. 60. The Court accepted the defendant's plea and adjudicated him guilty. Doc. 61.

4. The defendant admitted in his Plea Agreement that he knowingly transported child pornography, in violation of 18 U.S.C. § 2252A(a)(1). Doc. 59 at 19. The defendant admitted that during a border search of his iPhone, law enforcement discovered child pornography/CSAM within an app on the defendant's iPhone, which was confirmed after a forensic review of the CSAM. *Id.*

5. Pursuant to 18 U.S.C. § 2253, the defendant agreed to forfeit all assets involved in the 18 U.S.C. § 2252A(a)(1) offense, including the iPhone identified above, which was used to commit the offense charged in Count One of the Superseding Indictment. Doc. 59 at 5. He also agreed that the order of forfeiture would be final as to the defendant at the time it is entered. *Id.* at 6.

## II. Applicable Law

Pursuant to 18 U.S.C. § 2253, the United States is authorized to forfeit any property used or intended to be used to commit or to promote the commission of violations of 18 U.S.C. § 2252A(a)(1) using the procedures outlined in 21 U.S.C. § 853. *See* 18 U.S.C. § 2253.

Rule 32.2(b)(1) provides that, when the government seeks to forfeit specific property, the Court must determine whether the government has established the

requisite nexus between the property and the defendant's crime. Fed. R. Crim. P. 32.2(b)(1). The Rule requires this be done as soon as practical after a verdict or finding of guilty, or after a plea of guilty is accepted. Fed. R. Crim. P. 32.2(b)(1)(A).

The Court's determination may be based on evidence already in the record, or any additional evidence submitted by the parties and accepted by the Court as relevant and reliable. Fed. R. Crim. P. 32.2(b)(1)(B). As was established in the plea agreement, the defendant admitted that the iPhone was used during the commission of the offense charged in Count One. Therefore, the iPhone is subject to forfeiture, pursuant to 18 U.S.C. § 2253.

### III.  Conclusion

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b)(2), the Court enter a preliminary order of forfeiture for the iPhone identified above.

The United States further requests that in accordance with his Plea Agreement (Doc. 59 at 6) and Rule 32.2(b)(4), the preliminary order of forfeiture become final as to the defendant at the time it is entered.

Upon issuance of the preliminary order of forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim. *See* Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B) and *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, and to enter any further order necessary for the forfeiture and disposition of such property.

                                      Respectfully Submitted,

                                      ROGER B. HANDBERG
                                      United States Attorney

By:   *s/Nicole M. Andrejko*
       NICOLE M. ANDREJKO
       Assistant United States Attorney
       Florida Bar No. 0820601
       400 West Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone: (407) 648-7560
       Facsimile: (407) 648-7643
       E-Mail: Nicole.Andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
