UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES                                          CASE NO. 6:24-cr-00189

vs.

MEIR ROSENBURG

### GOVERNMENT'S RESPONSE IN OPPOSITION TO THE DEFENDANT'S OBJECTIONS TO THE PSR[1]

The United States hereby responds in opposition to the Defendant's objections to the PSR, and states:

The Defendant pleaded guilty to one count of knowingly transporting child pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). PSR, Doc. 80, ¶ 6. The Defendant objects to certain sentencing enhancements applied pursuant to USSG § 2G2.2, including: (1) application of a four-level enhancement for involvement of material portraying (A) sadistic or masochistic conduct or other depictions of violence; or (B) sexual abuse or exploitation of an infant or toddler (PSR at 29); (2) application of a two-level enhancement for the use of a computer (PSR at 30); and (3) application of a four-level enhancement for involvement of at least 300 images (PSR at 31). The United States opposes these objections because the enhancements are supported by the undisputed facts of the case and applicable law. The Defendant also objects to the use of the term "minors" to describe a 16-year-old and

---

[1] The undersigned AUSA recognizes that this Response is untimely pursuant to the requirements of the Case Management Order on Sentencing (Doc. 61) and apologizes to the Court for such untimeliness. The undersigned AUSA has been on extended leave for ongoing medical treatment for the past few months and returned to the office on Monday, April 21, 2025.

1

a 17-year-old with whom the Defendant had sex. The United States does not oppose removal of the term "minors" and use of the term "individuals."

1. **The Offense Involved Material that Portrays Sexual Abuse or Exploitation of an Infant or Toddler (USSG § 2G2.2(b)(4))**

The four-level enhancement under USSG § 2G2.2(b)(4)(A) and (B) applies because the undisputed facts in the Final PSR and the Plea Agreement (Doc. 59) support such application. As set forth in Paragraph 17 of the PSR, the videos and images found on the Defendant's phone involved the sexual exploitation of infants and toddlers, including anal penetration of an infant with an adult penis. Doc. 80, ¶ 17 and Doc. 59, pg. 20. Further, it is undisputed that the Defendant intended to possess images of child pornography and knew that he possessed images depicting the sexual exploitation of infants and toddlers. *See* Doc. 80, ¶ 14 (Rosenburg stated that the minors depicted in the CSAM were all ages, down to infants). Doc. 59, pg. 20.

The policy arguments made by the Defendant focus on § 2G2.2(b)(4)(A), relating to application of the enhancement for involvement of material portraying sadistic or masochistic conduct or other depictions or violence, but ignore § 2G2.2(b)(4)(B), relating to involvement of material portraying sexual abuse or exploitation of an infant or toddler.[2] As set forth above, it is clear from the Defendant's own admissions not only that his offense involved material that portrays the sexual abuse and exploitation of infants and toddler, but also that he did not inadvertently or mistakenly download such material.

2. **The Offense Involved the Use of a Computer (USSG § 2G2.2(b)(6))**

The two-level enhancement under USSG § 2G2.2(b)(6) applies because the undisputed facts in the Final PSR and the Plea Agreement support such application. As set forth in

---

[2] In light of the clear application of § 2G2.2(b)(4)(B), the United States does not expound on application of § 2G2.2(b)(4)(A).

Paragraph 13 of the Final PSR and the factual basis of the Plea Agreement, the images of child pornography were found on the Defendant's cellular phone, an iPhone 15 Pro Max. Doc. 80, ¶ 13; Doc. 59, pgs. 19-20. Further, the Defendant admitted that his receipt, possession, and distribution of child pornography commenced and recurred through his *online* conversations with like-minded individuals who also fantasized about minor children. Doc. 80, ¶ 14; Doc. 59, pg. 20. Thus, the Defendant's offense undisputedly involved the use of a computer. *See* 18 U.S.C. § 1030(e)(1). While the Defendant makes policy arguments against application of the computer enhancement, the enhancement should be applied based upon the current sentencing guidelines and facts of this case, including that the Defendant used a computer to send, receive, possess, and transport child pornography over the course of at least a few years. *See* Doc. 80, ¶ 14-15.

### 3. The Offense Involved over 300 images (USSG § 2G2.2(b)(7))

The two-level enhancement under USSG § 2G2.2(b)(7) applies because the undisputed facts in the Final PSR and the Plea Agreement support such application. As set forth in Paragraphs 18 and 19 of the Final PSR and in the factual basis of the Plea Agreement, a forensic review of the Defendant's phone showed that his phone contained at least 300 images of child pornography. Doc. 80, ¶ 18-19; Doc. 59, pg. 20. Thus, the enhancement should apply.

The Defendant makes policy arguments that the enhancement should not apply because modern technology makes it easy to quickly download large quantities of images. This argument not only ignores the explicit terms of the sentencing guidelines, but also ignores that the Defendant admittedly had been exchanging child pornography with at least two individuals, over the course of at least a few years, and knew that there was child pornography on his phone and was not surprised when CBP found it. Doc. 59, pgs. 19-20. These facts,

along with the forensic analysis of the Defendant's phone, support the knowing and intentional possession and transportation of over 300 images of child pornography.

### 4. The Term "Minors" to Describe 16 and 17 -Year-Old Individuals

The Defendant objects to the use of the term "minors" to describe two individuals, approximately 16 and 17 years old, with whom the Defendant admitted to having sex in or around 2022 while on a trip to Colombia. *See* Doc. 80, ¶ 16. Because the exclusion of the term "minors" does not impact the guidelines, the United States agrees to the use of the term "individuals" approximately 16 and 17 years old (instead of "minors").

**WHEREFORE**, the United States opposes the Defendant's objections to the PSR, and requests that the Court overrule such objections.

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney

By: */s/ Kara Wick*
Kara Wick
Assistant United States Attorney
Florida Bar No.: 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: Kara.Wick@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

David Seltzer, Esq.

*/s/ Kara Wick*
Kara Wick
Assistant United States Attorney
Florida Bar No.: 0085578
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7643
E-mail: Kara.Wick@usdoj.gov